## C. Davis Inc. v. B. Bornstein and Son, Inc.

*Bernard V. DiGiacomo*, for plaintiff.

*Wisler, Pearlstine, Talone & Gerber*, for defendants.

SMILLIE, J., April 15, 1964.—Plaintiff filed a complaint in assumpsit in Montgomery County seeking damages from the corporate defendant, B. Bornstein & Son, Inc., for the unpaid balance arising out of a completed contract, with Reliance Insurance Company as surety on the contract. Plaintiff entered into a contract with defendant, B. Bornstein & Son, for construction work to be performed at the Wissahickon Senior High School and the Ambler Joint High School, both located in Montgomery County, Pa. Defendants filed preliminary objections raising the question of jurisdiction.

Pennsylvania Rule of Civil Procedure 2179 provides as follows:

"(a) Except as otherwise provided by an Act of Assembly . . . a personal action against a corporation or similar entity may be brought in and only in . . .

(4) a county where a transaction or occurrence took place out of which the cause of action arose."

The specific issue to be resolved in the instant case is whether the performance in Montgomery County of a construction contract is such a "transaction or occurrence" as will place venue in Montgomery County.

In Hamilton v. Sidney Elkman, Inc., 47 Del. Co. 170 (1959), under almost identical facts as the instant case, the Delaware County Court held that where parties entered into a contract for the performance of landscaping work in Delaware County, and plaintiff brought an action against defendant for damages arising out of the completed contract in Delaware County, the proper venue was in Delaware County. We believe the reasoning and result of this case to be sound. It seems obvious that jurisdiction is in Montgomery County where the project upon which work is being done is of a continuing character.

Here, also, it appears that the contract was accepted in Montgomery County which also would permit suit to be brought in Montgomery County.

The venue as to Reliance Insurance Company is governed by the Act of March 22, 1911, P. L. 23, sec. 1, 8 PS §156, which permits suit against a surety in the county where the contract was performed.

### Order

And now, April 15, 1964, the preliminary objections are dismissed; defendants are given 20 days from the date of this order in which to answer the complaint.